**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN STEVEN OLAUSEN,

    *Petitioner*,

vs.

E..K. MCDANIEL, *et al.*,

    *Respondents*.

3:08-cv-00447-LRH-RAM

ORDER

    This stayed habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#12) to reopen and an accompanying amended petition. Following review, the Court will reopen the matter and dismiss the petition, as amended, as a successive petition. Further proceedings in this matter would be futile, given petitioner's continuing frivolous effort to rehash and relitigate issues that have long since been adjudicated by the Ninth Circuit and this Court adversely to his position.

*Background*

    In the present petition, petitioner John Steven Olausen once again in essence alleges that he is not being held pursuant to a valid and existing state court judgment of conviction and sentence. Petitioner was convicted, pursuant to a guilty plea, of first degree murder, first degree kidnapping with the use of a deadly weapon, and robbery with the use of a deadly weapon. Petitioner initially was sentenced in 1979 to, *inter alia*, death on the first degree murder charge. In 1989, however, the Supreme Court of Nevada overturned the imposition of the death penalty against him but without overturning the underlying adjudication of guilt on the murder and/or the conviction and sentencing

on the other charges. Petitioner maintains that a valid judgment of conviction never was entered thereafter subjecting him to a sentence of incarceration.

The present federal petition is not Olausen's first federal petition challenging his incarceration under the conviction and sentences in question. Nor is it the first federal petition that Olausen has filed alleging, under one variation of the theme or another, that he is not being held pursuant to a valid and existing state court judgment of conviction and sentence.

In No. 3:01-cv-00499-ECR-RAM, Olausen filed a federal petition challenging his conviction and sentence on a number of grounds. After an unexhausted ground was dismissed, this Court denied that petition on June 28, 2005, on the merits as to a number of claims and on the basis of procedural default as to a number of other claims. See No. 3:01-cv-00499-ECR-RAM, # 87 (written reasons). Both this Court and the Ninth Circuit denied a certificate of appealability. See *id.*, ## 90 & 93.

A short time later, in November 2005, petitioner filed another federal habeas petition in No. 3:05-cv-00631-LRH-RAM. Olausen alleged that he was not being held pursuant to a valid judgment of conviction or sentence, and he sought to invoke jurisdiction under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. This Court held that the petition instead arose under 28 U.S.C. § 2254 and that the petition was a successive petition that could not be brought in the district court without first obtaining permission under 28 U.S.C. § 2244(b)(3)(A) from the Court of Appeals. The Court transferred the petition to the Ninth Circuit. See No. 3:05-cv–00631-LRH-RAM, ## 4 & 6.

Following the transfer, in a February 26, 2007, order, the Ninth Circuit rejected all of petitioner's arguments. The Court of Appeals rejected petitioner's contention that his petition arose under Section 2241 and that he therefore was not subject to the successive petition rules for a Section 2254 petition. The Ninth Circuit further rejected Olausen's contention that he was not imprisoned under a valid conviction or sentence.

The Ninth Circuit held in particular as follows:

> Mr. Olausen contends he is not subject to the successive petition requirements of the Anti-terrorism and Effective Death Penalty Act (AEDPA) because he is being held unlawfully by the State of Nevada under no valid conviction or sentence. According to Mr. Olausen, when the Nevada State Supreme Court in 1989 vacated his 1979 death sentence, Mr. Olausen was "acquitted" and no valid amended judgment was ever entered thereafter. Mr. Olausen seeks his immediate release.

-2-

> We reject Mr. Olausen's arguments for two principal reasons: (1) on March 30, 1989, the Nevada Supreme Court vacated Mr. Olausen's death sentence and remanded for resentencing, but left his conviction for first degree murder intact, *see Olausen v. Nevada*, 771 P.2d 583 (Nev. 1989); and (2) on December 7, 1989, the Washoe County Nevada state district court resentenced Mr. Olausen to life in prison without the possibility of parole for first degree murder.
>
> *Mr. Olausen has not shown that he is imprisoned under no valid conviction or sentence.*[FN1] The district court did not err in treating Mr. Olausen's section 2241 petition as an SOS [second or successive] petition challenging his conviction and sentence nor in transferring the SOS petition to this Court. Mr. Olausen's application to file an SOS petition in district court is denied. *See* 28 U.S.C. § 2244(b). All outstanding motions are denied.
>
> [FN1] In its November 18, 2005 return filed in the Nevada state district court, the Nevada Department of Corrections stated that Mr. Olausen's custody is based upon the 1979 murder conviction. *As the 1979 murder conviction was never vacated, that portion of the return is accurate.* However, the return also states that defendant was sentenced to death and fails to note that in 1989 the death sentence was vacated and Mr. Olausen was resentenced to life without parole. Mr. Olausen, who states that he has been classified as a non-death penalty general population prisoner, has not shown any prejudice, much less constitutional error, from the Department of Corrections' failure to note in the return that Mr. Olausen is no longer under a sentence of death.

Ninth Circuit No. 06-15930, #8, at 1-2 (emphasis added).

Meanwhile, in February 2006, Olausen filed a federal habeas petition in No. 3:06-cv-00069-PMP-VPC that, in part, repeated his allegations that he was being held unlawfully without an existing judgment of conviction or sentence. On May 4, 2006, this Court dismissed the petition in part as a successive petition to the extent that petitioner was alleging that he was being held without a valid judgment of conviction. See No. 3:06-cv-00069-PMP-VPC, #10, at 1-3 & 4.

In or about March 2006, petitioner filed a federal habeas petition in the Eastern District of California that was transferred to this Court and docketed under No. 3:06-cv-00257-LRH-VPC. The petition, in part, once again repeated allegations that Olausen was being held unlawfully without an existing judgment of conviction or sentence. By a judgment entered on June 6, 2006, this Court dismissed the petition as a successive petition. See No. 3:06-cv-00257-LRH-VPC, ## 12, 16 & 17.

Thereafter, in No. 3:08-cv-00527-LRH-RAM, petitioner challenged his continued custody based upon the underlying premise that he was being held unlawfully without an existing judgment of

-3-

conviction or sentence. This Court, after reviewing the writ history outlined above, dismissed the petition without prejudice as a successive petition and denied a certificate of appealability. The Ninth Circuit also denied a certificate of appealability, on June 30, 2010.

While the present case was stayed, petitioner filed another similar habeas petition under No. 3:10-00388-LRH-RAM, which this Court again dismissed as a successive petition.

### *Governing Law*

Under 28 U.S.C. § 2244(b)(1) & (2), a claim in a "second or successive petition under section 2254" must be dismissed if it was presented in a prior petition; and, if the claim was not presented in the prior petition, it may be considered only in the circumstances delineated in § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the Court of Appeals for an order authorizing the district court to consider the petition. If an earlier federal petition is dismissed on the merits, any subsequent petition challenging the same judgment of conviction or sentence will constitute a second or successive petition. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

### *Discussion*

The Ninth Circuit previously has held that a petition by Olausen challenging his custody on the basis that he is being held unlawfully without a valid or existing judgment or sentence constitutes a successive petition that may not be pursued without petitioner first securing permission from the Court of Appeals under 28 U.S.C.§ 2244(b)(3)(A). This Court also repeatedly has held – in five different cases – that a petition by Olausen challenging his custody on this basis constitutes a successive petition. Olausen's current contention – that his custody is unlawful without another return filed by the State – is merely the latest variation on his theme that he currently is not held on a valid and existing judgment of conviction. The present petition – like multiple petitions before it – is a successive petition. Petitioner first must obtain permission from the Ninth Circuit to pursue a successive petition.[1]

---

[1] Nothing in this order implies that the petition, as amended, otherwise is free of other deficiencies. *Inter alia*, petitioner may not state claims in the federal petition via incorporation of documents filed in the state courts. He instead must allege his claims with particularity within the body of the federal petition itself. To the extent that petitioner seeks to pursue claims based upon alleged violations of state law, he fails to state a viable claim for federal habeas relief.

(continued...)

1   IT THEREFORE IS ORDERED that the motion (#12) to reopen is GRANTED and that the
2 Clerk of Court shall file the amended petition submitted with the motion.
3   IT FURTHER IS ORDERED that the petition, as amended, shall be DISMISSED without
4 prejudice as a successive petition.
5   IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of reason
6 would not find it debatable whether the district court is correct in its procedural ruling.  Petitioner's
7 repeated efforts to file successive petitions following clear holdings in the Ninth Circuit and this Court
8 in this regard plainly are frivolous.
9   IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254
10 Cases, the Clerk of Court shall make informal electronic service upon respondents by adding Attorney
11 General Catherine Cortez Masto as counsel for respondents and directing a notice of electronic filing
12 to her office.  **No response is required from respondents, other than to respond to any orders**
13 **directed to respondents by a reviewing court**.
14   The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against
15 petitioner, dismissing this action without prejudice.
16   DATED this 18th  day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
Petitioner's assertion that he presently is at risk of being executed on a death warrant is frivolous.  As the Ninth Circuit clearly stated years ago, the Nevada Supreme Court vacated Olausen's death sentence and remanded for resentencing.  This is all well-traveled ground.